IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:13CR350-LMB-19 |
| | ) | |
| JOSHUA PENDLETON BROOKS, | ) | |
| a/k/a "WACKO" | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING POSITION**

COMES NOW the United States of America, by its Acting United States Attorney for the Eastern District of Virginia, Dana J. Boente, and his Assistant United States Attorneys, Adam B. Schwartz and Dennis M. Fitzpatrick, and files its Sentencing Position in the above-captioned matter.

**Procedural History**

On August 26, 2013, the defendant, Joshua Pendleton Brooks, was charged by indictment with one count of Conspiracy to Distribute 280 grams or more of Cocaine Base. On September 26, 2013, the defendant was charged in a superseding indictment with the same offense. The defendant was aware of the pending indictment but chose to remain a fugitive and abscond from state probation for approximately four months until his arrest by U.S. Marshals on December 4, 2013. Brooks pled guilty to a reduced drug conspiracy charge that carried a five-year mandatory minimum sentence on January 23, 2014, in accordance with the terms of a written plea agreement. Sentencing is scheduled for April 8, 2014, before this Honorable Court. In his plea agreement

and statement of facts, the defendant agrees he distributed, or it was foreseeable to him that his coconspirators would distribute, at least 196 grams but less than 280 grams of cocaine base. The defendant also acknowledged in the documents filed at the time of his guilty plea that he was a three-star general in the Nine Trey Gangsters street gang.

## Sentencing Position of the United States

The United States has no objections, corrections, or amendments to the Presentence Report. The United States agrees with the calculation of the Advisory Guideline range in the Presentence Report and Worksheet Attachments, and concurs with awarding a three-level reduction for acceptance of responsibility. The probation officer has correctly determined that this defendant's base offense level for this drug charge is Level 27, and that the defendant's Criminal History category is IV, resulting in a guideline range of 100 to 125 months' incarceration, with a period of at least 4 years of supervised release to follow. Pursuant to the Department's policy on drug sentencing in anticipation of changes to the sentencing guidelines, the government recommends the Court apply an additional two-level reduction in offense level. The defendant's guideline range would then be 84 to 105 months with a mandatory minimum sentence of 60 months. The United States recommends a sentence of 84 months.

When sentencing a defendant, a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a)(2005). See United States v. Hughes, 401 F.3D 540 (4th Cir. 2005). These factors include the need for the sentence imposed:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)      to afford adequate deterrence to criminal conduct;

      (C)      to protect the public from further crimes of the defendant; and

      (D)      to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a).

The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

This defendant is twenty-seven years old and has already attained a significant criminal history. His involvement in this case and the resulting drug weight are lower than his codefendants primarily because he was incarcerated for portions of the conspiracy. When Mr. Brooks was not incarcerated, he was distributing cocaine base with his fellow Nine Trey Gangster gang members. The defendant has not been deterred by prior periods of incarceration which include two prior sentences of approximately one year each. As the defendant himself recognizes in the PSR, he is too old and has been through too many courthouses to be before this Court now. His decision to remain an active fugitive once indicted further reflects the defendant's inability to make mature, responsible choices. A sentence of 84-months should be sufficient to ensure that the defendant emerges from prison unwilling to return to drug distribution.

## Conclusion

For all of the foregoing reasons, the United States respectfully asks that, after considering the appropriate guideline range, and all of the sentencing factors set forth in 18 U.S.C. § 3553(a), this Court sentence the defendant to a term of incarceration of 84 months, to be followed by a term of at least four years of supervised release.

        Respectfully submitted,

        DANA J. BOENTE
        ACTING UNITED STATES ATTORNEY

By:    _____/s/_____
        Adam B. Schwartz
        Dennis M. Fitzpatrick
        Assistant United States Attorneys
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Telephone-703-299-3700
        *email:* Adam.Schwartz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record for the defendant. The United States will also provide a copy of the foregoing to the United States Probation Officer via e-mail.

_____/s/_____
Adam B. Schwartz
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone-703-299-3700
*email:* Adam.Schwartz@usdoj.gov